UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE MARI BISSETT,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 09-4050-AHM (AGR)<br><br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the complaint, the cross-motions for summary judgment, the Magistrate Judge's Report and Recommendation ("R&R"), the objections to the R&R filed on August 18, 2010, and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge. Bissett's objections are overruled. The Court adopts the R&R and addresses here only the pertinent new arguments made by Bissett.

**Severe Impairment**

Bissett's objections first focus on the ALJ's finding that she had a "history of

rash" as a severe impairment. AR 14; Objections at 1.[1] Bissett argues that her physician, Dr. Kalata, wrongly attributed her skin rash to scabies, and therefore the ALJ failed to diagnose and evaluate her skin condition. (*Id.* at 3.) Bissett attaches a document "to whom it may concern" indicating Dr. Kalata diagnosed scabies on April 9, 2003.[2] (Exh. A at 2, Dkt. No. 19.) This document is not in the Certified Administrative Record and was not before the ALJ. Moreover, Bissett applied for benefits on April 4, 2007 and alleged a disability onset date of February 6, 2006. (R&R at 2.) The ALJ reviewed Dr. Kalata's medical records from that period which showed itching, a few lesions, and a few areas of alopecia from "picking, scratching and hair pulling" on May 11, July 6 and August 17, 2006.[3] AR 16, 150-51. The ALJ noted the consultative examination with Dr. Taylor on June 15, 2007. AR 16, 111-15. At that examination, Bissett reported that her "itching is only in the scalp area," is "generally improving" with medication. AR 17, 111. Dr. Taylor noted two or three "small lesions at the lower base of the scalp and near the neck area, but no other significant rashes, scars or lacerations." AR 17, 113. The ALJ described Dr. Taylor's findings that the few lesions "may be some result of scratching" and were *unlikely* to represent scabies. AR 17, 114. Bissett's argument that Dr. Taylor diagnosed scabies is incorrect. (Objections at 11, 15.)

Contrary to Bissett's argument, there is no indication Bissett was diagnosed with scabies in 2006/2007 or that the ALJ found scabies during that time period. (*See* Objections at 11.) Bissett refers extensively to Internet

---

[1] The ALJ also found "degenerative disc disease of the lumbar spine" as a severe impairment. AR 14. Bissett's objections, however, focus on the skin condition. (Objections at 1-3.)

[2] The subsequent 2003 test results do not indicate any arthropods in Bissett's samples. AR 187, 189.

[3] *See also* AR 16, 200, 202 (visit to emergency room on December 20, 2006 for light headaches and rashes; Bissett given medication and told to follow up with dermatologist).

materials about scabies. (*Id.* at 10-14.) To the extent Bissett intends to request judicial notice of such materials, the request for judicial notice is denied. Fed. R. Evid. 201.

Bissett further objects that she presented new and material evidence. (Objections at 17.) As the R&R explained, for new evidence to be "material," it must bear "directly and substantially on the matter in dispute." (R&R at 5 (quoting *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citations and quotation marks omitted)).) Bissett had to demonstrate "a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes*, 276 F.3d at 462.[4]

Bissett submitted a medical record in September 2009 showing staphylococcus aureus, moderate growth. (Exhibit M, Dkt. No. 19.) However, Bissett's assumption that she must have had the same infection in 2006 or 2007 is speculative and unsupported by medical evidence in the record. (R&R at 6); *see Mayes*, 276 F.3d at 462 ("Mayes has not shown that the new evidence was material, as the record lacks evidence that she had herniated discs at and before the ALJ Hearing."); *see also* 20 C.F.R. §§ 404.970(b), 416.1470(b). The objections cite Internet materials regarding the potential relationship between scabies and staphylococcus aureus, the potential for treatment-resistant infection, and the potential for lethal infection. (Objections at 12-14, 17-19.) To the extent Bissett requests judicial notice of such materials, the request for judicial notice is denied. Fed. R. Evid. 201. The September 2009 medical record does not indicate Bissett had a staphylococcus aureus infection prior to the date of the ALJ's decision, or that her condition is treatment resistant, crippling or lethal. The Internet materials cannot substitute for such medical evidence.

---

[4] Bissett's interpretation of *Mayes* is misguided. (Objections at 17, 19.)

**Listed Impairment**

Bissett appears to argue that her skin condition meets or equals a listed impairment. (Objections at 6-7.) The ALJ found that Bissett did not meet or medically equal a listed impairment.[5] AR 15.

At step three, the claimant bears the burden of demonstrating that her impairments are equivalent to one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step." *Id.* at 141; *see also Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(4)(iii), 416.920(4)(iii).

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (citation omitted). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely,

///

///

---

[5] The Ninth Circuit held that "[i]t is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). The court found that the ALJ's summary of the medical evidence and the claimant's testimony was sufficient, even though the ALJ did not state what evidence supported the conclusion that the impairments did not meet or equal a listing. *Id.* at 1200-01. "To require the ALJ's to improve their literary skills in this instance would unduly burden the social security disability process." *Id.* at 1201; *see also Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (ALJ need not discuss and evaluate evidence that supports his or her conclusion under a specific heading).

4

does not qualify." *Id.* at 530 (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is *not* listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526, emphasis in original). "'Medical equivalence must be based on medical findings.' A generalized assertion of functional problems is not enough to establish disability at step three." *Id.* at 1100 (quoting 20 C.F.R. § 404.1526).

Bissett argues that she meets Listing 8.04: "Chronic infections of the skin or mucous membranes, with extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed." Bissett provides no medical evidence of extensive fungating or extensive ulcerating skin lesions in the record before the ALJ. At best, she argues she had "skin lesions that persist for at least 3 months despite continuing treatment." (Objections at 6.) Bissett does not meet all of the specified medical criteria for the listed impairment. Nor does she present symptoms, signs and laboratory findings at least equal in severity and duration to the listed impairment. Bissett submits a medical record dated September 2009 indicating a diagnosis of chronic scalp rash and a culture showing staphylococcus aureus, moderate growth. (Exhibit M, Dkt. No. 19.) Again, however, there is no indication of extensive fungating or extensive ulcerating skin lesions. Nor is there any indication that the staphylococcus aureus persisted for at least 3 months despite continuing treatment. (*Id.*)

**Residual Functional Capacity**

Bissett appears to argue that the ALJ ignored her skin rash in his residual functional capacity assessment. (Objections at 6.) As the ALJ noted, the

examining physician Dr. Taylor did not find any limitations based on her skin rashes.[6]  AR 16, 114.  The ALJ did not err.

**Past Relevant Work**

The ALJ found that Bissett is capable of performing past relevant work as a cosmetologist.  AR 18.  Bissett argues that it is unreasonable to expect an employer to hire her to work at her previous profession due to the "infectious and communicable nature of her illness."  (Objections at 7.)  During the period at issue – February 6, 2006 (the alleged onset date) through July 14, 2008 (the date of the ALJ's decision) – the medical evidence does not support Bissett's argument.  Bissett has not shown error.

Bissett's remaining objections have no merit.

IT IS ORDERED that Judgment be entered for the defendant, the Commissioner of Social Security Administration.

DATED:     3/3/11                           _____
                                            A. HOWARD MATZ
                                            United States District Judge

---

[6] Bissett ignores the opinion of Dr. Taylor and focuses instead on the opinion of an orthopedic surgeon, Dr. Stevenson.  (Objections at 8.)